THIS ORDER IS APPROVED.

Dated: June 28, 2017



*Brenda Moody Whinery*

Brenda Moody Whinery, Bankruptcy Judge
_____

1  LAW OFFICE OF ERIC OLLASON
   ATTORNEY AT LAW
2  182 NORTH COURT
3  TUCSON, ARIZONA 85701
   TELEPHONE (520) 791-2707
4  PCC No. 4349
5  SBA # 014860

6  Attorney for Debtors

7

8              IN THE UNITED STATES BANKRUPTCY COURT
9                   FOR THE DISTRICT OF ARIZONA

10
    In re                          In Proceedings Under Chapter 13
11
    JAN CHANEY,                    Case No. 4:17-bk-00259 BMW
12
                  Debtor.          STIPULATED ORDER CONFIRMING
13                                 CHAPTER 13 PLAN
14

15    The Chapter 13 Plan ("Plan") having been properly noticed out to creditors and any objection to
   confirmation having been resolved,
16
      **IT IS ORDERED** confirming the Plan of the Debtor as follows:
17
      (A) **INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amounts of future
18 income to the Trustee for distribution under the Plan.
19
      (1) Future Earnings or Income. Debtor shall make the following monthly Plan payments:
20
         Months         Amount
21
         1-60           $ 1,000.00
22
      The payments are due on or before the **11th** day of each month commencing **February 11, 2017**. Debtor
23 is instructed to remit all payments on or before the stated due date each month. Debtor is advised that when
   payments are remitted late, additional interest may accrue on secured debts which may result in a funding
24 shortfall at the end of the Plan term. Any funding shortfall must be cured before a discharge can be entered.
25 This requirement is effective regardless of plan payments suspensions, waivers or moratoriums, and must
   be included in any Stipulated Order Confirming.
26
      The Debtor shall provide, directly to the Trustee, copies of their **federal and state** income tax returns
27 for post-petition years 2017 - 2021 within 30 days of filing them. The purpose is to assist the Trustee in
   determining any change in Debtor's annual disposable income.
28

(2) <u>Other Property</u>. *If the Debtor receives a tax refund in excess of $1,000.00, the Debtor shall pay such refund directly to the Trustee as supplements to the plan. In the event that other property is submitted, it shall be treated as supplemental payments.* In no event will the term of the Plan be reduced to less than 36 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(B) **DURATION.** This Plan shall continue for **60 months** from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified and paid as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay creditors in the following order:

(1) <u>Administrative expenses</u>:

<u>Attorney Fees</u>. Eric Ollason, shall be allowed total compensation of $4,500.00. Counsel received $1,490.00 prior to filing this case and will be paid **$3,010.00** by the Chapter 13 Trustee.

(2) <u>Claims Secured by Real Property</u>: **None**

(3) <u>Claims Secured by Personal Property</u>:

(a) **Automotive Partners,** secured by a lien in a 2013 Hyundai Elantra, shall be paid a secured claim of **$15,000.00** with **6.5%** interest. The creditor will receive adequate protection payments of **$150.00** per month. The balance of the claim shall be classified as an unsecured nonpriority claim.

(b) **Farmers Insurance Group**, secured by liens on books of business, shall continue to have all 3 claims paid outside of the plan by the business.

(4) <u>Unsecured Priority Claims</u>:

(a) **Internal Revenue Service** shall be paid an unsecured priority claim of **$21,791.53** with no interest for 2013, 2014, 2015 and 2016 Federal Income Taxes.

(b) **Arizona Department of Revenue** shall be paid an unsecured priority claim of **$396.41** with no interest for 2015 State Income Taxes.

(5) <u>Surrendered Property</u>:

Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtor surrenders the following property: **None**

-2-

*In re Chaney*
*Case No. 4:17-bk-00259*

Case 4:17-bk-00259-BMW    Doc 25    Filed 06/28/17    Entered 06/29/17 08:10:13    Desc
Main Document    Page 2 of 4

(6) Other Provisions: **None**

(7) Unsecured Nonpriority Claims. All other claims shall be classified as unsecured and nonpriority. Such claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid upon completion of the Plan may be discharged as provided in 11 U.S.C. § 1328.

(D) **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtor upon confirmation.

The Debtor certifies: All required State and Federal income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

**ORDER SIGNED ABOVE**

Approved as to Form and Content By:

_____ 6-27-17
Dianne C. Kerns, Trustee


/s/ Eric Ollason
Eric Ollason
Attorney for Debtors


/s/ Dennis J. Clancy
Dennis J. Clancy
Attorney for Automotive Partners

**Plan Summary.** If there are discrepancies between the plan and this plan analysis, the provisions of the confirmed plan control.

(1) Administrative Expenses: .................................................................. $ 3,010.00
(2) Priority Claims........................................................................... $ 22,187.94
    a. IRS................. $ 21,791.53
    b. AZDOR............ $ 396.41
(3) Prepetition Mortgage or Lease Arrears or to Cure Defaults, Including Interest ............. $ 0.00
(4) Ongoing Post-Petition Mortgage Payments............................................... $ 0.00
(5) Secured Personal Property Claims, Including Interest.................................... $ 17,609.40
    a. TD Auto............ $ 17,609.40
(6) Amount to Unsecured, Nonpriority Claims............................................... $ 11,192.66
(7) Trustee's Compensation (10% of Debtor's Payments)..................................... $ 6,000.00
(8) Total Plan Payments................................................................... $ 60,000.00

**Section 1325 analysis.**

(1) Best Interest of Creditors Test:
    (a) Value of debtor's interest in nonexempt property................................. $ 38,546.00
    (b) Plus: Value of property recoverable under avoiding powers. ...................... $ 0.00
    (c) Less: Estimated Chapter 7 administrative expenses     $ 6,167.36
    (d) Less: Amount payable to unsecured, priority creditors............................ $ 22,187.94
    (e) Equals: Estimated amount payable to unsecured, nonpriority claims
        if debtor filed Chapter 7............................................................... $ 10,190.70

Paragraph (2) to be completed by debtors whose current monthly income exceeds the state's median income.

(2) Section 1325(b) Analysis:
    (a) Amount from Line 59, Form B22C, Statement of Current Monthly Income. ........... $ 0.00
    (b) Applicable Commitment Period. ............................................. x 60
    (c) Section 1325(b) amount ((b)(1) amount times 60)................................. $ 0.00

**Estimated Payment to Unsecured, Nonpriority Creditors Under Plan.** ..................... $ 11,192.66